UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Brown, #94689-071, ) | C/A No.  9:12-27-JMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Warden Mildred L. Rivera, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Kenneth Brown ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.  Petitioner is an inmate at the Federal Prison Camp in Estill, South Carolina.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 ; *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth



a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background and Discussion

The file reflects that Petitioner pled guilty to drug conspiracy, possession and distribution charges in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). ECF No. 1 at 3-4. He was sentenced November 14, 1997 to a term of two hundred sixty-two (262) months, with five (5) years supervised release. ECF No. 1 at 4. He filed a direct appeal which was denied by the Fourth Circuit on December 17, 1998, and a motion pursuant to 28 U.S.C. § 2255 which was denied on June 8, 2000. ECF No. 1 at 2. In this § 2241 petition the petitioner contends that he is serving an unlawful and unconstitutional sentence which exceeds the maximum allowed by the applicable guideline range for reasons not charged in his indictment. Thus, he argues that the length of his sentence, due to enhancements not based on facts presented to a jury, violates the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).

The petition should be dismissed because Petitioner's claims are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted);*see also In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.



1997)(*en banc*). Rather, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*

In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

Petitioner makes no argument that supports the application of the savings clause to his petition. Rather, Petitioner complains that the pre-sentence investigation report (PSR) prepared by the United States Probation Office incorrectly attributed fifty (50) kilograms of cocaine base to Petitioner, which added a four (4) level enhancement to his sentence.

Petitioner argues that under *Apprendi*, this quantity of drugs should have been submitted to a jury and proven beyond a reasonable doubt in order for that quantity to increase "the penalty for a crime beyond the statutory maximum." ECF No. 1, Attachment 1, at 2. However, the only argument Petitioner makes relevant to the savings clause is that, since he has already filed a § 2255 action, that course is now unavailable to him. *Id*. Without meeting the savings clause as described in *Jones*, however, this sentencing issue can only be explored in a motion pursuant to § 2255.

Petitioner's application is, in reality, a second or successive motion for relief filed in this court pursuant to 28 U.S.C. § 2255. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or

3



successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

## Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 30, 2012
Charleston, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

